*JEFFERSON.*
*April, 1817.*

*Devinny*
*v.*
*Jelly.*

---

## DEVINNY vs. JELLY.

Notice of the taking of depositions, must be one day, at least; and the day of giving notice, or of taking the deposition, is excluded from the computation of time.

Depositions, taken and returned into court, are evidence for both parties; but if a party reads in evidence a deposition taken, but not used by his opponent, he waives all objection to it, and admits notice.

In a suit before a justice of the peace, the defendant is not required to set-off a demand which exceeds the amount of a justice's jurisdiction.

ASSUMPSIT—For work and labour.

PLEA—Non-assumpsit.

GOODENOW, for the plaintiff, offered in evidence the deposition of Copeland.

WRIGHT, for the defendant, objected to its being read, because legal notice had not been given.

PRESIDENT.—It appears that notice of the taking of this deposition, was given on the 8th day of April, at 5 o'clock P. M. The deposition

JEFFERSON. April, 1817.

Devinny v. Jelly.

was taken the next day, between the hours of nine in the morning and five in the afternoon ; at what hour does not appear, nor is it material, for the notice is not sufficient. In the case of Peterson vs. Mearns, in this court, when judge Tod presided, it was ruled that either the day on which the notice is given, or the day on which the deposition is taken, is to be excluded, in the computation of time. To this rule we adhere ; and we cannot go into calculations of parts of a day. One day's notice is the least time which can be given ; and in this case, that not having been given, the deposition cannot be read.

GOODENOW then asked permission to read a deposition which had been taken on the part of the defendant, and returned into court.

WRIGHT objected, that the plaintiff could not make use of the defendant's evidence, unless it was first offered by him.

PRESIDENT.—Depositions taken, and returned into court, under the provisions of our statute, are evidence for both parties. The plaintiff has a right to read this deposition in evidence ; but by doing so, he admits notice, and waives all objections to it.

Yeaton v. Fry, 5th Cranch 335.

The jury returned a verdict for the plaintiff, with 71 dollars 50 cents damages.

WRIGHT then moved the court to render a judgment for the plaintiff, for the amount of the verdict, without costs, under the provision of the 3d section of the " act allowing mutual debts and demands to be set-off, and concerning tenders," vol. 14th, page 292—and stated that the present defendant had, before the commencement of this suit, brought an action against the plaintiff before a justice of the peace, in which action the present demand might have been set-off.

GOODENOW, for the plaintiff, admitted the fact of a suit having been brought before a justice, and contended that the statute did not apply to proceedings before justices of the peace, and that if it did, as the plaintiff's demand exceeded the amount of which a justice has jurisdiction, he could not be holden to make a set-off of it.

PRESIDENT.—It appears that, a short time before this suit was commenced, the defendant in this action, sued the plaintiff before

a justice of the peace, and recovered judgment.  A set-off may be proven "in any court in this state;" and if the plaintiff in this action could regularly have set-off this demand in that suit, it should seem, by the act referred to,

that he cannot now recover costs.  The jurisdiction of a justice of the peace extends "to any sum not exceeding seventy dollars:" if a person, sued before a justice of the peace, is, at the risk of costs, obliged to set off his demand against the party suing, when the amount of such demand exceeds seventy dollars, the jurisdiction of a justice is no longer limited by the law, but depends on the extent and value of the dealings between the parties; such could not be the intention of the law, but only that demands within the jurisdiction of the court should be set-off.

The suit before the justice was previous to the taking effect of the present law; and if this demand is such as might have been set-off, we must be governed by the law of 1810 as to the costs here.  By the 3d section of that act, it is declared, "that when any defendant or defendants shall be indebted to any plaintiff or plaintiffs, in any debt, contract, or demand, and shall fail to plead the general issue and give in evidence the said debt, contract, or demand, agreeably to the provisions of this act, said defendant or defendants shall forever be barred from receiving any costs upon any suit which may thereafter be instituted, upon the said debt, contract, or demand."  If the case required it, we should construe this statute according to the intent; but this case is neither within the intent or letter of the law, so that judgment must be entered for the plaintiff, for costs as well as damages.